Estate of Hazel King Bakewell, Deceased, Wells Fargo Bank & Union Trust Co., John Bakewell, Jr., and Frank B. King, Executors v. Commissioner.
Estate of Bakewell v. Commissioner
Docket No. 48086.
United States Tax Court
T.C. Memo 1955-41; 1955 Tax Ct. Memo LEXIS 298; 14 T.C.M. (CCH) 144; T.C.M. (RIA) 55041; February 16, 1955
*298 Estate tax. - Fair market value of shares of stock in closely held corporation determined. Robert C. Harris, Esq., 14 Montgomery Street, San Francisco, Calif., for the petitioner. Clyde R. Maxwell, Jr., Esq., for the respondent. TIETJENS
Memorandum Findings of Fact and Opinion TIETJENS, Judge: The respondent determined a deficiency in estate tax of $62,014.39. The sole question for decision is the value of 333 shares of capital stock of Rex Improvement Company, a personal holding company. Findings of Fact The stipulated facts are so found and the stipulation is included herein by reference. Hazel King Bakewell (hereafter called decedent) died on August 23, 1949. Wells Fargo Bank & Union Trust Co., John Bakewell, Jr., and Frank B. King are the duly qualified and acting executors of her estate. The estate tax return was filed with the collector of internal revenue for the first district of California at San Francisco, California. At the time of her death decedent owned as her separate property (among other assets) 333 shares of the capital stock of Rex Improvement Company. On the estate tax return filed by the executors this stock was valued at $864 *299 per share, making a total value for the estate's 333 shares of $287,712. The respondent in his notice of deficiency increased the value of this stock to $1,500 per share, making a total of $499,500 for the estate's 333 shares. The State of California for the purpose of the inheritance tax valued these shares as returned by the executors. Rex Improvement Company is a corporation organized and existing under the laws of the State of California. The corporation was organized in 1909 by the decedent's father and its capital consists of 1,000 issued and outstanding shares of capital stock. At the time of decedent's death the shares of the corporation were held as follows: Hazel King Bakewell
(decedent)
333 shares
Genevieve King Hick-
man
332 shares (plus one
share held for her
benefit as a qualifying share by a
Director)
Frank B. King
64 shares
Frances King Field
270 shares Genevieve King Hickman is the sister of the decedent. Frank B. King is the decedent's brother, and Frances King Field is his daughter. Rex Improvement Company was classified as a personal holding company for the purpose of the Federal income tax at the time of the decedent's *300 death. The following is a balance sheet of Rex Improvement Company as of June 30, 1949, adjusted to reflect market value of securities held by it as of August 23, 1949: ASSETS
Cash
$ 79,678
Securities
U.S.A. Treasury Bonds
$171,015
Municipal Bonds
360,715
Other Bonds
15,738
Stocks: Preferred
$439,127
Common
442,360
881,487
1,428,955
Total Assets
$1,508,633
LIABILITIES
Bond Reserve
$ 62,364
Stock Reserve
59,254
Net Worth
Capital Stock (1,000 shares)
100,000
Profit and Loss
787,015
Surplus
500,000
1,387,015
Total Liabilities
$1,508,633
Book Value Per Share Including Reserves
$1,508.63
Book Value Per Share Excluding Reserves
$1,387.02
The average annual net income of Rex Improvement Company for the seven years 1943 through 1949 was $52.59 per share and the average annual dividends for the same period was $47.86. The securities held in the company's portfolio were readily marketable and were high grade and conservative in character. No sales of Rex Improvement Company stock have ever taken place. The active management of the company has for many years vested in and at the time *301 of decedent's death and subsequent thereto remained vested in decedent's brother, Frank B. King. Frank B. King was for many years until his retirement in December of 1952 a Vice President of Wells Fargo Bank & Union Trust Co. and has been President of Rex Improvement Company at least since 1919. The decedent for many years was a Director and Secretary of the corporation, the other Directors being Frank B. King, Genevieve King Hickman, Ralph H. Rebele, and William F. Gabriel. The latter two named individuals were and are officers of Wells Fargo Bank & Union Trust Co. In 1948 Gilbert W. Colby, also an officer of Wells Fargo Bank & Union Trust Co., was elected a Director to replace Genevieve King Hickman and the Board of Directors of the company has since that time consisted of these individuals. No officer or Director of the corporation received any compensation from it for acting in such capacities. The minutes of the Directors' meetings for many years recited only formal corporate action such as the declaration of a dividend and the authorization of Frank B. King as President to sell or exchange securities. These Directors' minutes indicate that the decedent generally attended Directors' *302 meetings and signed the minutes as Secretary. The fair market value of the stock held by decedent at the time of her death was $1,100 per share. Opinion Characteristically, the question of valuation is one of fact. Its determination calls for and requires the consideration and appraisal of all relevant factors by the trier and the application thereto of his experience and judgment. See ; ; and Ralph Penn v. Commissioner (C.A. 9, Jan. 15, 1955) all affirming memorandum opinions of this Court. In the circumstances, we think it sufficient to say that we have carefully considered the whole record including the expert testimony and the arguments of counsel and have weighed all factors which were thought relevant, including, but not limited to the character of Rex Improvement Company itself and also of the corporate assets; its earnings and dividends; its management; the fact that its stock was closely held and that no sales of the stock were ever made; the book value of the stock, and a comparison with other stocks of investment companies *303 on the market which were said by the experts to possess some comparable characteristics. Having done so and having attached to each relevant factor the weight which we deemed due, we applied our judgment and found as a fact that the fair market value of the Rex Improvement Company stock at the time of decedent's death was $1,100 per share. Decision will be entered under Rule 50.